### STREAT v. STEINAM.

*(Circuit Court, S. D. New York. April 17, 1889.)*

EQUITY—PRACTICE—EVIDENCE.

In a suit for the infringement of a patent, leave to take testimony, the time for taking which has expired, pending another suit for the infringement of the same patent, and which testimony is alleged to be in addition to that given in the former suit and to have been obtained since the decision therein holding the patent void, cannot be granted to complainant on mere general statements disclosing nothing in regard to its character.

In Equity. On motion by complainant for leave to take testimony.

Suit by George Streat against Abraham Steinam, for the infringement of a patent. The time for taking testimony was allowed to expire pending the decision of *Streat.* v. *White*, 35 Fed. Rep. 426, which was for the infringement of the same patent.

*Betts, Atterbury, Hyde & Betts,* for complainant.

*Simon Sterne,* for defendant.

SHIPMAN, J. The motion is denied. The affidavits state that the complainant has obtained further and fuller evidence of the facts relating to his invention since the decision of *Streat* v. *White*,[1] and has other and further proofs to show that he was the true inventor of the design, and that the additional proof will show that he was the sole inventor. Neither the general nor the particular facts to which the witnesses will testify are given, nor are any circumstances stated which show the character or the importance of the testimony, or why it was not introduced before, or how it will tend to diminish the weight which was given to the statements of the patentee in his letters to the designer. The motion cannot be granted upon mere general statements, which disclose nothing in regard to the character of the testimony.

[1] 35 Fed. Rep. 426.